JACKSON *v.* CITY OF DETROIT

TORTS—GOVERNMENTAL IMMUNITY—NEGLIGENT TORT IMMUNITY—
STATUTES—CONSTITUTIONAL LAW.

> Section of statute providing that, except as otherwise provided, all governmental agencies are immune from tort liability where the governmental agency was engaged in the exercise and discharge of a governmental function is unconstitutional; the constitutionality of the section cannot be saved by reading the section so as to limit the scope of immunity to immunity from liability for negligent torts (MCLA § 691.140).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 February 4, 1971, at Detroit. (Docket No. 6920.)  Decided August 25, 1971.

Complaint by Charles E. Jackson and Maxine W. Jackson against the City of Detroit, and John Doe, and John Roe, Detroit police officers, for assault and battery, property damage, and derogatory remarks.  City of Detroit's motion for partial summary judgment denied.  Defendant City of Detroit appeals by leave granted.  Affirmed and remanded.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian* (by *Elliott S. Hall*), for plaintiffs.

*Robert Reese,* Corporation Counsel, and *John E. Cross* and *William P. Doran,* Assistants Corporation Counsel, for defendant City of Detroit.

REFERENCE FOR POINTS IN HEADNOTE
57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 55, 56.

Before: J. H. Gillis, P. J., and R. B. Burns and Levin, JJ.

Per Curiam. The plaintiffs, Charles Edward Jackson and his wife, Maxine Wright Jackson, commenced this action against the defendants, City of Detroit, John Doe, and John Roe. The unidentified individuals are police officers of the City of Detroit. The plaintiffs claim that the unidentified officers committed an assault and battery upon Charles Edward Jackson, damaged his automobile, and made derogatory remarks concerning his race.

Defendant City of Detroit moved for partial summary judgment in its favor on the ground that the operation of a police department is a governmental function and it is therefore immune from liability under the provisions of § 7 of PA 1964, No 170 which provides: "Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said government agency is engaged in the exercise and discharge of a governmental function." MCLA § 691.1407 (Stat Ann 1969 Rev § 3.996[107]).

The plaintiffs opposed the motion claiming that § 7 is unconstitutional because it violates the one-object-expressed-in-its-title provision of Michigan's Constitution (Const 1963, art 4, § 24) in that the title of PA 1964, No 170, states that it is an act to make uniform the liability of municipal corporations and other governmental agencies "when engaged in a governmental function, for injuries to property and persons caused *by negligence*" which is narrower in scope than the language of § 7 which purports to make governmental agencies "immune from *tort liability*" when engaged in the exercise and discharge of a governmental function. (Emphasis supplied.)

The trial judge declined to hold that § 7 was unconstitutional, and ruled that the words "tort liability" in § 7 should be construed, in light of the title, to mean "negligent tort liability"; and, since so construed § 7 would not bar an action for an intentional tort, he denied the city's motion for partial summary judgment.  The city appeals by leave granted.

In *Maki* v. *East Tawas* (1971), 385 Mich 151, the Michigan Supreme Court held that § 7 was unconstitutional, and declined to preserve the constitutionality of § 7 by reducing "the scope of the government's § 7 immunity from immunity for *all* 'torts' to immunity from 'torts caused by negligence' ".  (Emphasis by the Court.)

On the authority of the Supreme Court's decision in *Maki,* we affirm the trial judge's order denying the motion for partial summary judgment.

Affirmed and remanded for further proceedings consistent with this opinion.  Costs to the plaintiffs.